**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Jeffrey Allen Herald,                    )   No. CV 10-2732-PHX-RCB (MEA)
                                         )
              Plaintiff,                 )   **ORDER**
                                         )
vs.                                      )
                                         )
Correctional Health Services, et al.,    )
                                         )
              Defendants.                )
                                         )

On December 17, 2010, Plaintiff Jeffrey Allen Herald, who is confined in the Maricopa County Durango Jail, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. In a December 27, 2010 Order, the Court granted the Application to Proceed and dismissed the Complaint because Plaintiff had failed to state a claim upon which relief could be granted. The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On January 5, 2011, Plaintiff filed a First Amended Complaint (Doc. 7). The Court will dismiss the First Amended Complaint and this action.

**I.      Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 1950.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct.  Id. at 1951.

**II.   First Amended Complaint**

In his two-count First Amended Complaint, Plaintiff sues Defendant Correctional Health Services.   In both Counts, Plaintiff alleges that he has been subjected to unconstitutional conditions of confinement in violation of his Fourteenth Amendment due process rights.

In Count One, Plaintiff contends that Defendant Correctional Health Services operated on Plaintiff's foot, which now has permanent damage "due to their inexperience."  In Count Two, Plaintiff states that he was diagnosed with cancer and that "due to their inexperience[,] my cancer is spreading and [Defendant] Correctional Health Services has not let me go[] to an outside service to seek medical treatment [and] thinks Milk of Magnes[i]a and Fiber Pills would work for treatment."  In his Request for Relief, Plaintiff seeks monetary damages.

1    **III.    Failure to State a Claim**

2          **A.    Improper Defendant**

3          As the Court stated in its December 27, 2010 Order, Defendant Correctional Health

4    Services is an improper Defendant.  Municipalities and other local governing bodies are

5    included among those "persons" who may be sued under § 1983.  Monell v. Department of

6    Social Services of New York, 436 U.S. 658, 690-91 (1978).  Because Correctional Health

7    Services is an administrative subdivision of Maricopa County and not a municipal

8    corporation, a local governing body or a private corporation, it is not a "person" amenable

9    to suit under § 1983.  Maricopa County is responsible for providing medical care to county

10   jail inmates.  See Ariz. Rev. Stat. § 11-291(A).  Any actions concerning a county policy must

11   be brought against the county itself and not against an administrative subdivision of the

12   county.  Thus, Defendant Maricopa County Correctional Health Services is an improper

13   defendant and will be dismissed from this action.

14         **B.    Failure to State a Claim**

15         As the Court notified Plaintiff in the December 27, 2010 Order, not every claim by

16   a prisoner relating to inadequate medical treatment states a violation of the Eighth or

17   Fourteenth Amendment.  To state a § 1983 medical claim, a plaintiff must show that the

18   defendants acted with "deliberate indifference to serious medical needs." Jett v. Penner, 439

19   F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  A

20   plaintiff must show (1) a "serious medical need" by demonstrating that failure to treat the

21   condition could result in further significant injury or the unnecessary and wanton infliction

22   of pain and (2) the defendant's response was deliberately indifferent.  Jett, 439 F.3d at 1096

23   (quotations omitted).

24         "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051,

25   1060 (9th Cir. 2004).  To act with deliberate indifference, a prison official must both know

26   of and disregard an excessive risk to inmate health; "the official must both be aware of facts

27   from which the inference could be drawn that a substantial risk of serious harm exists, and

28   he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).  Deliberate

indifference in the medical context may be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference. Jett, 439 F.3d at 1096. Deliberate indifference may also be shown when a prison official intentionally denies, delays, or interferes with medical treatment or by the way prison doctors respond to the prisoner's medical needs. Estelle, 429 U.S. at 104-05; Jett, 439 F.3d at 1096.

Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. Farmer, 511 U.S. at 835. "Neither negligence nor gross negligence will constitute deliberate indifference." Clement v. California Dep't of Corrections, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); see also Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or "medical malpractice" do not support a claim under § 1983). "A difference of opinion does not amount to deliberate indifference to [a plaintiff's] serious medical needs." Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). A mere delay in medical care, without more, is insufficient to state a claim against prison officials for deliberate indifference. See Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). The indifference must be substantial. The action must rise to a level of "unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 105.

Plaintiff has failed to state a deliberate indifference claim in either Count and, therefore, the Court will dismiss Plaintiff's First Amended Complaint.

**IV.    Dismissal without Leave to Amend**

Because Plaintiff has failed to state a claim in his First Amended Complaint, the Court will dismiss his First Amended Complaint. "Leave to amend need not be given if a complaint, as amended, is subject to dismissal." Moore v. Kayport Package Express, Inc., 885 F.2d 531, 538 (9th Cir. 1989). The Court's discretion to deny leave to amend is particularly broad where Plaintiff has previously been permitted to amend his complaint. Sisseton-Wahpeton Sioux Tribe v. United States, 90 F.3d 351, 355 (9th Cir. 1996). Repeated failure to cure deficiencies is one of the factors to be considered in deciding whether justice requires granting leave to amend. Moore, 885 F.2d at 538.

1    Plaintiff has made two efforts at crafting a viable complaint and appears unable to do

2  so despite specific instructions from the Court.  The Court finds that further opportunities to

3  amend would be futile.  Therefore, the Court, in its discretion, will dismiss Plaintiff's First

4  Amended Complaint without leave to amend.

5  **IT IS ORDERED:**

6    (1)    Plaintiff's First Amended Complaint (Doc. 7) and this action are **dismissed** for

7  failure to state a claim, and the Clerk of Court must enter judgment accordingly.

8    (2)    The Clerk of Court must make an entry on the docket stating that the dismissal

9  for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

10    (3)    The docket shall reflect that the Court certifies, pursuant to 28 U.S.C.

11  § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of this

12  decision would not be taken in good faith.

13    DATED this 14th day of January, 2011.

14

15

16  _____

17  Robert C. Broomfield
    Senior United States District Judge

18

19

20

21

22

23

24

25

26

27

28

- 5 -